STATE OF CONNECTICUT *v.* JOHN MANN
(AC 17941)

O'Connell, C. J., and Foti and Schaller, Js.

Argued December 10, 1999—officially released March 14, 2000

*William S. Palmieri,* with whom, on the brief, was *John R. Williams,* for the appellant (defendant).

*Michele C. Lukban,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Gary Nicholson,* senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, John Mann, appeals from the judgment of conviction, rendered by the court, of the crimes of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (A) and (B), and two counts of risk of injury to a child in violation of General Statutes § 53-21. In his appeal, the defendant challenges the trial court's rulings limiting the defendant's cross-examination of three prosecution witnesses as to bias and motivation for testifying. The defendant claims that he was prevented from eliciting evidence to impeach (1) the victim on the ground that in third grade she had been

accused of being a liar, (2) the victim's sister on the ground that she had been committed to the Long Lane School, a facility for delinquent children and (3) the victim's mother on the ground that she was permitted only supervised visitation and as to her knowledge of why the defendant was not allowing her to see the children. The defendant asserts that the court's rulings violated his sixth amendment right to confrontation.

"It is axiomatic that [a] defendant is entitled fairly and fully to confront and to cross-examine the witnesses against him. . . . The confrontation clause does not, however, suspend the rules of evidence to give the defendant the right to engage in unrestricted cross-examination. . . . Only relevant evidence may be elicited through cross-examination. . . . In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial." (Internal quotation marks omitted.) *State* v. *Albert,* 50 Conn. App. 715, 730–31, 719 A.2d 1183 (1998), cert. granted on other grounds, 247 Conn. 954, 723 A.2d 810 (1999).

"The trial court has wide discretion to determine the relevancy of evidence and the scope of cross-examination. Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) Id., 731–32. After hearing oral argument and thoroughly reviewing the record, transcripts and briefs, we conclude that the court's restriction of the cross-examination of the witnesses in question, based on the ground of relevance, was proper. See id.; see also *State* v. *Sullivan,* 244 Conn. 640, 653, 712 A.2d 919 (1998). Accordingly, the defendant's claims are without merit.

The judgment is affirmed.